USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/10



APR 13 2010

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

KAREN B. SELVIN
*Assistant Corporation Counsel*
Phone: (212) -0888
Fax: (212) -9714
E-mail: kselvin@law .gov

**MEMO ENDORSED**

4/14/2010
*Everyone already made this argument.
Everyone denys
Everyone loses* ✓

**VIA FACSIMILE (212) 805-6326**
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

April 13, 2010

Re:  Steel Institute of New York v. City of New York, Docket No. 09CV6539 (CM)

Dear Judge McMahon:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant, City of New York, in the above-referenced matter. The parties are currently scheduled to file a joint pre-trial order with the Court on April 30, 2010. As of yesterday, defendant filed its reply papers for its cross-motion for summary judgment on all claims in this case. Accordingly, plaintiff's motion for partial summary judgment on Counts I and II of the complaint, to wit, the preemption and Supremacy Clause claims, and defendant's cross-motion for summary judgment on all claims, are now both fully submitted and before this Court for decision. In light of that fact, defendant respectfully submits that it would be premature for the parties to draft and file a pre-trial order before the Court has rendered its decision on the respective dispositive motions. Therefore, defendant City requests that the Court adjourn the date to file the pre-trial order until after its decision on the summary judgment motions. I have spoken to Brian Wolf, Esq., attorney for plaintiff, and Mr. Wolf has indicated that while plaintiff will consent to another few days extension on the filing date for the pre-trial order, it will not consent to the request to adjourn the pre-trial order until after the Court's decision on the motions.

      As all parties have acknowledged, the question of whether the City's crane statutes are preempted by federal law is strictly a legal question to be resolved by this Court. See, e.g., Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 201; 103 S. Ct. 1713, 1720 (1983) ("The question of pre-emption is predominantly legal. . . ."); Nat'l Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir. 1999); ("Preemption is question of law. . . ."); Sayles Hydro Ass'n v. Maughan, 985 F.2d 451, 454 (9th Cir. 1993) ("The question of whether the Federal Power Act 'occupies the field' and thereby preempts state law is 'purely legal' . . . ."). Therefore, at a minimum, this Court will most likely render a final decision on the preemption and Supremacy Clause claims pursuant to the summary judgment motions. Defendant

submits that any pre-trial order filed at this time will, thus, not accurately reflect the claims that may actually go forward to trial and will be of little value to this Court.

Based on the foregoing, defendant requests that the Court adjourn the date to file the joint pre-trial order until after the Court renders its decision on the respective summary judgment motions. The Court has previously granted a request by all parties to extend the time to file the joint pre-trial order.

Thank you for your consideration.

Respectfully submitted,

Karen B. Selvin (KS-3816)
Assistant Corporation Counsel

cc:   Brian A. Wolf, Esq. (by facsimile)